His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
This is an action by a married woman to reclaim a sum of money paid in advance as part of the purchase price upon a piece of real estate bargained for by herself without the authorization of her husband or of the Judge.
Under circumstances precisely similar to the case at bar we held, that “Where a married woman without the authorization of her husband pays a debt for which she is only naturally but not civilly liable, the payment is not valid and may be reclaimed, ’ ’ giving our reasons therefor at length. See Mrs. Idelia Grose Veazie vs. Louis R. Eisenberg, No. 6064 of our docket, decided upril 20th, 1¡914. (X1, Ct. of Ap., 220.)
To that opinion we adhere..
In reconvention the defendant avers that “he is entitled to recover from plaintiff for losses of rent through *75 plaintiff’s conduct as above set forth in causing Ms tenants to vacate bis property; to-wit, eight months’ rent, being $240.
The conduct “above set forth” of which the defendant complains, so far as pleadings go, was nothing more than plaintiff’s refusal to carry out her. contract. For the answer contains not another allegation of fact beyond such refusal.
Thus, defendant was asked by his counsel: “Was your property vacated in consequence of this ? ” * * *, and objection having been made, the Court asked whether that was “a claim for damages resulting from the inexecution of the obligation. ’ ’ To which counsel for defendant answered that it was; and thereupon the Court maintained an objection on the ground that the reconventional demand showed no cause of action.
This ruling was correct. If the plaintiff was not bound by the contract (and clearly she was not )she had a right to recede from it; and in exercising that right she injured no one. Qui jure sous eititur nemienem laidit.
Something was said at the argument about plaintiff’s having officiously interfered with defendant’s tenants and made them vacate the premises. If this be true it may be that defendant has some' claim against her. On this we express no opinion; but since a flat refusal of his demand might be construed against him in some new demand, we deem it best to reserve his rights if any he has.
It is therefore ordered that the judgment appealed from be affirmed without prejudice to the rights of defendant to renew by direct action any claim for damages which he may have against plaintiff herein; and it is further *76 ordered that defendant and appellant pay all costs o.f both Courts.
Opinion and decree, November 22nd, 1915.
Rehearing refused, January 4th, 1916.
Writ granted, February 8th, 1916.
139 La.,____;-71 South., 534.